IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM JORDAN CLAYBROOKS      *
              Petitioner,
     v.                       *   CIVIL ACTION NO. PJM-09-971

BOBBY SHEARIN, WARDEN, et al.    *
            Respondents.

                              ***

## MEMORANDUM OPINION

This 28 U.S.C. § 2254 Petition for writ of habeas corpus, dated April 14, 2009, was received

for filing on April 16, 2009.   The Petition attacks a 1993 conviction for first-degree felony murder

in the Circuit Court for Prince George's County on Sixth Amendment ineffective assistance of

counsel grounds.   Paper No. 1.    On April 23, 2009, an Order was entered granting Respondents

additional time to file a limited show cause response as to the timeliness of the Petition and affording

Petitioner further time to file a reply.   Paper No. 3.   Respondents' Answer, filed on June 23, 2009,

seeking dismissal of the Petition as time-barred.   Paper No. 6.   In reply, Petitioner claims that his

application is not time-barred and is otherwise subject to equitable tolling.   Paper No. 9.    For

reasons to follow the Petition shall be dismissed.

Title 28 U.S.C. § 2244(d) provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

     (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the record, after a four-day trial concluding on May 14, 1993, a jury convicted Petitioner on counts of first-degree felony murder, use of a handgun in the commission of a felony, attempted first-degree murder premeditated, assault with intent to murder, assault with intent to maim, robbery with a deadly weapon, cocaine possession and distribution, and several related offenses in the Circuit Court for Prince George's County, Maryland.  Paper No. 6 at Exs. 1 & 2.  On July 23, 1993, Judge G. R. Hovey Johnson sentenced Petitioner to life without parole on the felony murder conviction plus forty years as to the other offenses.  *Id.*, Ex. 1.   His criminal judgment was affirmed by the Court of Special Appeals of Maryland on July 7, 1994.[1]  *Id.*, Ex. 2.  The Court of Appeals of Maryland denied the petition for writ of certiorari on December 7, 1994. *Id.*, Ex. 1 at pg. 14; Ex. 3.

Inasmuch as Petitioner's conviction became final prior to the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), he had one year from April 24, 1996, to file his § 2254 petition for habeas corpus in this Court.  *See Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to the April 24, 1996 enactment of the AEDPA); *see also Hernandez v. Caldwell*,

---

[1]    The mandate was issued by the Court of Special Appeals on August 8, 1994.  Paper No. 6, Ex. 2.

225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Petitioner had until April 24, 1997, to submit this action. The Petition was not filed, however, until April 14, 2009, more than eleven and one-half years after expiration of the limitation period.

Section § 2244(d)(2) does provide for statutory tolling of the limitation period while state post-conviction proceedings are pending. The record shows that on April 2, 1997, Petitioner filed a post-conviction petition in the Circuit Court for Prince George's County, but withdrew it on June 11, 1998. Paper No. 6, Ex. 1 at pgs. 15 & 17. On March 4, 2004, Petitioner filed a new post-conviction petition, which was denied by a circuit court judge on March 23, 2005, after briefing and a counseled hearing. *Id.*, Ex. 1 at pgs. 18, & 20-21. Petitioner's application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on October 26, 2005. *Id.*, Ex. 4. The appellate mandate was issued on November 30, 2005. *Id.*

Given the above-noted information, the statute of limitations under § 2244(d)(1)(A) began to run on April 25, 1996 and was not statutorily tolled until April 2, 1997, when Petitioner's first post-conviction petition was filed. This encompasses a period of 342 days. The limitations period began to run anew on June 12, 1998, the day after Petitioner's first post-conviction petition was withdrawn, and was again tolled on March 4, 2004, when Petitioner filed another post-conviction petition. This period encompasses approximately 69 months. In addition, another 40-month period, from December 1, 2005 to April 13, 2009, ran unchecked before this Petition was filed. Affording Petitioner the most generous of tallies under § 2244(d)(2), there was cumulative 10-year period from

the date his conviction became final to the filing of this action where the one-year statute of limitation was not statutorily tolled by a properly filed state post-conviction petition.[2]

Petitioner originally claimed that his application should be subject to equitable tolling on the ground of "a gross miscarriage of justice."   Paper No. 1 at 5.     In his Reply he appears to first argue the merits of his case, stating that there was no criminal judgment entered against him "since such conviction is a 'void judgment'" based upon the constitutional violations of which he complains.[3]   Paper No. 9.   He further asserts that the circumstances of his case involves rare instances where enforcement of the limitations period would be unconscionable and would result in "gross injustice."

*Id*.   Petitioner also argues that his Petition is statutorily tolled under 28 U.S.C. § 2244(d)(1)(C). He claims that on June 26, 2006, the Supreme Court issued its opinion in *United States v. Gonzales-Lopez*, 548 U.S. 140 (2006) and that this decision constitutes new law under the Sixth Amendment

---

[2]     The Petition does address a motion for new trial filed in the Circuit Court for Prince George's County.  Paper No. 1 at 5.  Respondents' exhibits show that on June 16, 2006, a motion for new trial was filed and denied by Judge Shaw Geter on September 13, 2006.   Paper No. 6, Ex. 1 at pg. 22.  A second motion for new trial was filed on June 19, 2008.  *Id*. at pgs. 22-23.   It is unclear whether the Circuit Court has yet ruled on this motion.    The pendency of these motions is not relevant to the Court's analysis of the limitations period.  A motion for a new trial, filed in the original criminal case, is not a part of the ordinary state collateral review process in Maryland.   *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (an application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'- *i.e.*, 'until the completion of that process").   Even were the Court to toll the limitation period during the pendency of the motions for new trial, it would not save the Petition from its untimeliness.

[3]     Petitioner points to the fact that his motion for appointment of counsel was not entered on the docket in his criminal case until three days before his jury trial.  Paper No. 9 at pgs. 3-5  *Id*.   He claims that the Circuit Court did not act on that motion and his trial counsel failed to inform the judge that Petitioner wanted to discharge him and obtain new counsel.  *Id*.   Petitioner argues since he was denied the right to hire an attorney of his choice or represent himself, the judgment rendered against him is "void."  *Id*.   He seemingly asserts that Respondents "must eat" their time-bar argument based upon their own constitutional violations occurring before trial.  *Id*.

that was made retroactively applicable to cases on collateral review. *Id*. Petitioner asserts that although the limitations period under § 2244(d)(1)(C) would have expired on June 26, 2007, it was tolled during the pendency of his motions for new trial in the Circuit Court for Prince George's County and his attempts to seek review of the denial of his motion. *Id*.

The one-year limitation period under § 2254 is subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).[4]   Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330.   Accordingly, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003).   Petitioner's assertions of "gross injustice" do not provide an adequate factual basis for equitable tolling of the limitations period.

The Court also finds Petitioner's statutory tolling argument under § 2244(d)(1)(C) to be without merit.   The Supreme Court decision of *United States v. Gonzales-Lopez*, 548 U.S. 140 (2006) found that the right to counsel of choice does not extend to defendants who require counsel to be appointed for them.[5]   Even assuming *Gonzales-Lopez* announced a new rule of constitutional

---

[4]   The Supreme Court has never addressed the question of whether equitable tolling is applicable to the AEDPA statute of limitations, but has assumed, without deciding, that it is for purposes of case analysis. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8 (2005).

[5]   The Sixth Amendment right to counsel includes the right, for defendants who do not require appointed counsel, to their attorney of choice. *See Powell v. Alabama,* 287 U.S. 45, 53 (1932). *Gonzales-Lopez* held that deprivation of this right constituted structural error even without a showing that the attorney the defendant actually used was ineffective under *Strickland* or that the deprivation resulted in an unfair trial. It did not extend the right to have the attorney of one's choice to indigent defendants. *See Gonzales-Lopez*, 548 U.S. at 151.   In any event, it is not clear whether *Gonzales-Lopez* applies to Petitioner criminal case as

law, a new rule does not retroactively apply to collateral proceedings unless it is substantive (*i.e.*, "places a class of private conduct beyond the power of the State to proscribe") or is a "watershed rule" of criminal procedure "implicating the fundamental fairness and accuracy of the criminal proceeding"). *See League v. Lane*, 489 U.S. 288, 311 (1989); *see also Snaffle v. Parks*, 494 U.S. 484, 494-95 (1990). While this Circuit has not yet issued an opinion on *Gonzales-Lopez's* retroactivity, the question was ably resolved in an opinion issued by the Seventh Circuit, which held that the new rule announced in *Gonzales-Lopez* does not apply retroactively to a petitioner's § 2254 claim because the rule is neither substantive nor a "watershed rule" of criminal procedure. *See Rodriguez v. Chandler*, 492 F.3d 863, 866 (7th Cir. 2007) (the rule in *Gonzales-Lopez* does not fit into either category under *Snaffle*; it does not insulate any conduct from criminal punishment; it is not a "watershed" equivalent to *G ideo v. Wainwright,* 372 U.S. 335 (1963); and it does not protect the "fundamental fairness and accuracy of the criminal proceeding").

The Court finds that Petitioner's habeas attack on his 1993 convictions is time-barred. A separate Order shall be entered dismissing this § 2254 action with prejudice.

_____/s/_____
PETER J. MESSITTE

July 14, 2009                                    UNITED STATES DISTRICT JUDGE

---

the state court docket shows that a circuit court judge referred his case to the public defender for assignment. Paper No. 6, Ex. 1 at pg. 3.

6